## 69712. FRANKUM v. THE STATE.
(331 SE2d 52)

BENHAM, Judge.

On November 23, 1983, in response to complaints about drug transactions in a municipal parking lot, the Cornelia police set up surveillance of the lot from the second-story window of a restaurant, overlooking the well-lighted parking lot. Shortly after 7:00 p.m. on the same evening, the officers observed defendant in the lot approximately 30 feet away, carrying a small transparent sandwich bag in his left hand. He moved between two vehicles before entering a green

Ford Torino and driving away through the rear exit of the lot. The surveillance officers, suspecting that he was transporting marijuana, radioed a description of the vehicle to a chase car located approximately four blocks away. Upon stopping the vehicle in response to the call, the officer discovered the driver did not have a valid driver's license and placed him under arrest. In conducting a patdown search at the scene of the arrest, the officer discovered a plastic bag of marijuana in defendant's left pocket and also charged him with a violation of the Georgia Controlled Substances Act. Defendant was tried and convicted on both counts, and this appeal followed.

1. Appellant complains that he was the victim of an illegal arrest and that the trial court erred in denying his motion to suppress the evidence seized as a result of the alleged illegal arrest.

The United States Supreme Court exhaustively discussed the matters of detention and arrest in the hallmark case of *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968), and the appellate courts of this state have repeatedly been called upon to consider the same issue: *Anderson v. State*, 123 Ga. App. 57, 61 (179 SE2d 286) (1970); *Connor v. State*, 130 Ga. App. 74 (202 SE2d 200) (1973); *Yawn v. State*, 134 Ga. App. 77 (213 SE2d 178) (1975); and *Brisbane v. State*, 233 Ga. 339 (211 SE2d 294) (1974). We glean from these cases a very succinct principle: Matters of warrantless detentions and arrests must be handled on a case-by-case basis looking at the totality of circumstances to determine if a reasonable and articulable suspicion or some exigent circumstance existed to authorize the intrusion.

Analyzing the facts of this case in light of the above principle, we find that a stakeout had been set up in response to complaints of drug transactions in the municipal parking lot. Appellant was observed with a plastic sandwich bag in his hand, exiting from a vehicle in the parking lot after dark and after normal shopping hours. He darted between two vehicles, entered one of them and drove away from the lot through a back way. This conduct was observed by an officer who, in his ten years experience on the force, had seen the use of similar plastic bags in drug transactions.

Under those circumstances we find that the conduct of the officer was justified in initiating the detention of appellant and that his actions were based on reasonable and articulable suspicion when viewed in light of the totality of the circumstances. Consequently, appellant's first enumeration of error must fail.

2. We now turn to appellant's contention that the trial court committed reversible error in making a comment on the evidence. The basis of appellant's contention is the prohibition contained in OCGA § 17-8-55, which reads, in part, as follows: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been

proved or as to the guilt of the accused."

The challenged comment occurred during the cross-examination of the State's expert witness as to the tests performed on the suspect substance. The State's attorney objected to the manner of cross-examination by defense counsel, and the following colloquy took place: "THE COURT: No, I don't want you to argue with this witness. He has stated in positive terms his findings. You have asked him if he's sure that that is it and he says yes it is because it is a combination test, and what else can you . . . you going to try to get him to back up on that, deny he said it, or what? [DEFENSE COUNSEL]: No, I'm trying to get. . . . THE COURT: I think you're trying to stretch out the argument unnecessarily. . . . [DEFENSE COUNSEL]: I'm trying to get all of the information that I can before the jury so that they can make a determination. THE COURT: Yes, but the information is bad, what you're doing is berating this witness at this point." Viewing the entire colloquy, it is obvious that the court's comment that "the information is bad" was a comment on the trial tactic used by the lawyer to elicit irrelevant and immaterial information, and not a comment on the information itself, which is prohibited under OCGA § 17-8-55.

We detect no violation of the letter or of the spirit of the law under the analysis of *Crawford v. State,* 139 Ga. App. 347 (228 SE2d 371) (1976). We see only a proper exercise of authority by the trial judge in controlling cross-examination as authorized under *Post v. State,* 201 Ga. 81, 84 (39 SE2d 1) (1946). Hence, appellant's second enumeration of error is barren.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 30, 1985.

*Ronald M. Adams,* for appellant.
*Linton K. Crawford, Solicitor,* for appellee.