## 72977. WILLIAMS v. THE STATE.
### (349 SE2d 253)

BANKE, Chief Judge.

Appellant was convicted of aggravated assault. His sole enumeration of error on appeal is that the evidence was insufficient to sustain the verdict. *Held*:

The victim (Hunter) testified that he was alone on the front porch of his home at 2:00 a.m. when he observed appellant drive by several times in a car. Hunter recognized appellant and knew him by the name "Yogi." After driving past the house four times, appellant stopped the car at the curb, approached Hunter, put a gun to his head and told him to get into the car. Hunter complied. Appellant then drove to a section of railroad tracks where he told Hunter to get out of the car and, at gunpoint, ordered him to perform an act of oral sodomy. When Hunter refused, appellant hit him in the head with the gun and then shot him in the back of the head and in the bottom lip. Appellant then ran off, and Hunter fled in the opposite direction to a nearby house, where he asked the occupants to phone the police. When the police arrived Hunter told them that he had been shot by "Yogi."

There were several discrepancies between the facts as stated in the police report and Hunter's testimony at trial. However, the officer who had prepared the report explained that Hunter's mouth had been swollen as a result of the shooting and that his speech had been difficult to understand.

After obtaining an arrest warrant, the police went to appellant's home, where he first consented to a search of the premises and then led the officers directly into a bedroom and lifted the mattress, revealing a rifle. Both in a statement made to the police and in his testimony at trial, appellant maintained that he had been drinking at a bar earlier in the evening of the shooting, had left in the company of two women, and had then gone home alone. He stated that he heard a noise outside his door, and, fearing that it was a man who had threatened him previously, picked up his rifle, went outside, and seeing no one, decided to walk to his mother's home across the railroad tracks. He said that as he crossed the tracks he heard something in the bushes, turned around, and fired the rifle twice, whereupon he ran back to his home. *Held*:

We disagree with appellant's contentions that Hunter's recitations of the events were so inconsistent and implausible as to require that his testimony be rejected. "When a witness shall be successfully

contradicted as to a material matter, his credit as to other matters shall be for the jury. The credit to be given a witness's testimony where impeached for . . . contradictory statements out of court shall be for the jury to determine." OCGA § 24-9-85. Only testimony which is wilfully and knowingly false must be disregarded in its entirety. See generally *Fugitt v. State*, 251 Ga. 451 (307 SE2d 471) (1983). The record does not disclose that Hunter swore wilfully and knowingly falsely. Thus, the question of his credibility was for the jury to determine. See *Gilreath v. State*, 247 Ga. 814 (14) (279 SE2d 650) (1981).

Reviewing the evidence in the light most favorable to the jury's verdict, we find that it was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hall v. State*, 172 Ga. App. 371 (323 SE2d 261) (1984).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 19, 1986.

*Susan C. Janowski*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Charles P. Taylor, Assistant District Attorney*, for appellee.