## 75462. WILLIAMS v. THE STATE.
### (366 SE2d 200)

CARLEY, Judge.

Appellant and his wife were jointly indicted for the offense of burglary. In addition, appellant was indicted as a recidivist. Because appellant's wife died subsequent to indictment, only appellant was brought to trial before a jury. The jury found appellant guilty and he appeals from the judgments of conviction and sentences entered on the jury's verdicts.

Appellant took the stand in his own defense. On appellant's cross-examination, counsel for the State asked: "Isn't it true sir that *your wife told you that she told officers* that you went and got her to help cover up and get the rest of the stolen property, isn't that true sir?" (Emphasis supplied.) Appellant replied: "No sir, not as I can recall." Thus, appellant's response indicated that his wife had not told him the specifics of what she may have told the officers. Counsel for the State then asked appellant: "Are you saying [your wife] never said that?" Appellant's response to this general inquiry was: "I don't know what [my wife] said. . . ." Defense counsel's objection to the admission into evidence of any statements attributed to appellant's deceased wife and co-defendant was overruled by the trial court. Counsel for the State then asked appellant whether he remembered his wife "giving a statement to this officer about helping you, you getting her to help collect the rest of the stolen items. . . ." Appellant responded: "No sir, I'm sure she never gave a statement like that." On rebuttal, the State sought to introduce a statement which had been given to officers by appellant's wife and which was inculpatory of appellant. Over appellant's objection, this inculpatory statement of appellant's wife was admitted into evidence for the limited purpose of impeaching appellant's testimony on cross-examination that he was "sure she never gave a statement like that." The jury was instructed to consider it for the limited purpose of impeachment. On appeal, appellant's sole enumeration of error is the admission into evidence of his wife's statement.

As a general principle of constitutional as well as statutory law, the custodial, post-arrest inculpatory statement of one alleged joint offender is not admissible evidence as against another alleged joint offender. See generally *Hannah v. State*, 144 Ga. App. 677 (242 SE2d 334) (1978). The State urges and the trial court held that the statement of appellant's deceased wife and co-indictee was admissible as coming within an exception to the general rule. The statement was offered and admitted for the limited purpose of impeaching appellant's testimony on cross-examination that his wife had "never given" an inculpatory statement to officers. However, it is clear that it was the State, not appellant, that had first introduced the topic of the

statement that was given to officers by appellant's wife and that, from the very outset, appellant undertook to deny his personal knowledge of the specifics of any such statement. It was only *after* the State had been allowed, over appellant's objection, to pursue the topic that appellant was ultimately forced to express his *disbelief* that his wife had made any statement to officers which had inculpated him in the crime. If appellant had no previous personal knowledge of the factual contents of his deceased wife's statement, he could not be impeached by a showing that the belief he had expressed in his wife's refusal to inculpate him to the police had been misplaced. "A witness may be impeached by disproving the *facts* testified to by him." (Emphasis supplied.) OCGA § 24-9-82.

If, in his direct examination, appellant had attempted to rely upon his deceased wife's out-of-court statements, the State should have raised a hearsay objection. The State should not, however, have been allowed to use appellant's cross-examination as a vehicle by which to introduce the topic of his deceased wife's statement to the officers and to impeach his personal belief as to the extent to which she had inculpated him. However, from the fact that the statement of appellant's deceased wife was erroneously admitted it does not necessarily follow that appellant's conviction must be reversed. " 'A constitutional error is harmless, if there is no "reasonable possibility that the evidence complained of might have contributed to the conviction." [Cit.] . . . [Cit.]' Overwhelming evidence of the defendant's guilt can negate the possibility that the constitutional error contributed to the conviction. [Cit.]" *Vaughn v. State*, 248 Ga. 127, 131-132 (2) (281 SE2d 594) (1981). There was evidence presented at the trial of this case to show that the property stolen during the course of the burglary had been found in appellant's rented trailer, that appellant had attempted to exchange the stolen property for rent, and that appellant had given his own inculpatory statement to the police. In view of this overwhelming evidence of appellant's guilt, we find that the admission of the statement of his deceased wife and co-indictee did not contribute to the guilty verdict.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 10, 1988.

*Dan T. Pressley, Sr.*, for appellant.
*Michael H. Crawford, District Attorney, Leonard M. Geldon, Assistant District Attorney*, for appellee.