A89A0404. BROWN v. THE STATE.
(381 SE2d 101)

DEEN, Presiding Judge.
Winston Brown was indicted for violation of the Georgia RICO

Act. The predicate offenses which were alleged to support the indictment were murder, aggravated assault, aggravated battery, and perjury. The trial court granted the defendant's motion for a directed verdict as to the alleged predicate offenses of aggravated battery and perjury. Brown appeals.

1. Under Georgia's RICO Act, OCGA § 16-14-1 et seq., OCGA § 16-14-3 requires proof that the accused has committed two or more offenses of the type included in the RICO statutes, and proof that two or more offenses have been committed as part of an enterprise engaging in a pattern of racketeering activity as it is defined in the Act. *Martin v. State*, 189 Ga. App. 483 (376 SE2d 888) (1988). Under OCGA § 16-14-3 (3) (A): " 'Racketeering activity' means to commit, to attempt to commit, or to solicit, coerce, or intimidate another person to commit any crime which is chargeable by indictment under the following laws of this State: (i) Article 2 of Chapter 13 of this title, relating to controlled substances; . . . (iv) Article 1 of Chapter 5 of this title, relating to homicide; (v) Article 2 of Chapter 5 of this title, relating to bodily injury and related offenses." The indictment alleged that Brown unlawfully associated with an enterprise known as the "Miami Boys" or the "Macaroni Gang," and on November 13, 1986, participated in this enterprise through a pattern of racketeering activity through two sales of cocaine to Officer G. Dawson, the sale of cocaine to twelve black males of unknown identity, the murder of Anthony Johnson, and the aggravated assault of Vincent Rainwater.

Brown's contention that the trial court erred in charging the jury that the State is not required to prove that he committed all the predicate acts is without merit. OCGA § 16-14-3 (2) requires the State to prove that an accused "engag[ed] in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated . . ." and that the last incident occurred within four years of a prior activity. The court charged the jury that the State was alleging that the defendant engaged in five predicate acts and "[i]f you are satisfied beyond a reasonable doubt that the defendant engaged in two or more of the acts alleged or submitted to the jury and that those acts are not isolated incidents but are interrelated, you are authorized to find that a pattern of racketeering activity has been shown." The court had earlier charged the provisions of OCGA § 16-14-3 (2) set forth above. Examining the charge as a whole we find no error. *Rosenthal v. Hudson*, 183 Ga. App. 712, 714 (360 SE2d 15) (1987). On review, the charge must be considered as a whole and each part in connection with every other part of the charge. *Zayre of Ga. v. Ray*, 117 Ga. App. 396, 398 (160 SE2d 648) (1968); *Turner v. State*, 178 Ga. App. 888 (345 SE2d 99) (1986).

2. Brown asserts as error the trial court's ruling that in a RICO

prosecution a defendant's character is in issue. Counsel for the defendant objected to the indictment and sentence in a prior case being placed in evidence. (This was the indictment in the companion case, *Brown v. State*, 190 Ga. App. 818 (___ SE2d ___) (1989).

The RICO statutory provisions provide for evidence under OCGA § 16-14-3 (2) of a carefully defined "[p]attern of racketeering activity" that the defendant has engaged in "within four years after the commission of a prior incident of racketeering activity" which comports with the provisions of OCGA § 16-14-2 (b), which specifically provides that RICO does not apply to isolated instances of criminal activity. The indictment and sentence were admissible, as the State was required to prove a series or pattern of illegal activities. This evidence, when combined with other evidence introduced at trial, shows the requisite pattern of racketeering activity. Two police officers testified as to sales of cocaine to themselves and witnessing the sales to others. Other witnesses testified as to the rivalry between two drug sales organizations: the "Miami Boys," a/k/a "The Macaroni Gang," and a rival group headed by Anthony Johnson; the shooting death of Johnson when Brown's group invaded Johnson's sales territory; and the wounding of one of the witnesses (apparently a purchaser) in the shoot-out.

A witness testified as to a discussion of the instant case with Brown, and the State elicited testimony that the conversation took place in jail. Considering the list of offenses with which Brown was charged, the jury would not be surprised to learn that he had been arrested and was in jail for an unspecified period of time. Assuming *arguendo* that such testimony was erroneously placed before the jury, we fail to see how he was prejudiced, as there is no reasonable possibility that this testimony contributed to his conviction. *Williams v. State*, 185 Ga. App. 780 (366 SE2d 200) (1988).

3. Appellant next contends that the trial court erred in failing to declare a mistrial because a newspaper article and radio information were improperly received by the jurors.

The transcript shows that when the court was presented with information that the jurors might have been exposed to prejudicial material disseminated by the news media, it held a hearing and questioned the jurors. Only one juror was found to have read a newspaper article about the "Miami Boys," and he testified that he had not communicated the contents of the article to the other jurors. This juror was excused. When the other jurors were examined, several admitted that they were aware that there was an article in that day's paper, but were unaware of its contents. Several jurors were also aware of news broadcasts but had not listened to any of them. After examining the jurors, the court permitted them to remain on the jury, but gave them strict cautionary instructions that they were not to read a newspaper,

listen to the radio, or watch television while they were sitting on the jury. We find no error.

4. The trial court did not err in failing to charge the defendant's request for charge numbers 30 and 31, which defined an "enterprise" and the distinction between an enterprise and an individual charged in a RICO prosecution and a RICO enterprise. The distinction sought to be made by the defendant is without merit. Under OCGA § 16-14-3 (1) "Enterprise" is defined as "any person, sole proprietorship," etc. A charge which tracks the relevant codal provision is not error. *Cook v. State*, 179 Ga. App. 610 (347 SE2d 664) (1986).

Brown's contention that the trial court erred in charging one of the State's requests to charge cannot be considered because it was not enumerated as error. An appellant cannot expand his enumerations of error by brief to include issues not raised in the enumerations of error. *Scott v. State*, 177 Ga. App. 474 (339 SE2d 718) (1985).

5. In his remaining enumeration of error, Brown asserts the general grounds. We have examined the transcript of the trial and find that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cain v. State*, 178 Ga. App. 247 (342 SE2d 742) (1986).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MARCH 17, 1989 —
REHEARING DENIED MARCH 28, 1989 — ▮▮▮▮▮▮▮

*Kane & Anderson, Daniel B. Kane*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney*, for appellee.