A90A1621, A90A1622. BETHUNE v. THE STATE (two cases).
(402 SE2d 276)

BIRDSONG, Presiding Judge.
Appellants Kevin Eugene Bethune and Michael Lomax Bethune were indicted in Douglas County, Georgia, along with Larry Bethune, Darwyn Bethune, Darwyn Bethune, Jr., Juanita Bethune and Mickey Cone, for violations of the Georgia Racketeering Influenced and Corrupt Organizations (RICO) Act, OCGA § 16-14-1 et seq. The indictment alleges the defendants engaged in an enterprise involving a pattern of racketeering activity consisting, as specified in 17 "sections" of the indictment, of theft of motor vehicles, possession of motor vehicles and parts with removed or altered identification, and theft by receiving stolen property, in violation of Georgia law; and for mail fraud (inter alia, re false insurance claims and stolen vehicle reports), and of theft from interstate shipment, in violation of federal law.

Kevin Eugene Bethune and Michael Lomax Bethune pled guilty to the indictment and were sentenced to ten years each, to serve three. The specific violations alleged against Kevin Eugene Bethune and Michael Lomax Bethune were three instances of theft by taking of three different vehicles; one instance of theft from interstate shipping of ten specifically described items or lots of merchandise from Greater Atlanta Shippers Association, including "25 pair of L.A. Gear Tennis Shoes"; theft by taking of a certain vehicle; and theft by receiving stolen property of four certain vehicles, including a "1983 Honda 3-wheeler," and a "1976 Chevrolet 1-Ton Pickup Truck."

Kevin Eugene Bethune and Michael Lomax Bethune raised below a plea of former jeopardy, on grounds they had previously pled guilty in Carroll County, Georgia, to theft by taking of the 1983 Honda three-wheeler and the 1976 Chevrolet 1-ton pickup truck, and that Kevin Eugene Bethune had pled guilty to interstate theft of the L.A. Gear tennis shoes in federal court.

Appellants contend the State's use of these thefts as predicate acts in its RICO prosecution in Douglas County is barred, so that the convictions on the entire RICO prosecution must be reversed. And, they contend the entire RICO prosecution based on all alleged predicate offenses is barred because all the offenses arise from the same conduct and the State could have and should have prosecuted them

for the entire spectrum of RICO offenses, in the former Carroll County prosecutions. See OCGA §§ 16-1-7 and 16-1-8. *Held*:

1. The State correctly concedes that this RICO prosecution could not be based on the theft of the 1983 Honda three-wheeler, the 1976 Chevrolet pickup truck, and the L.A. Gear tennis shoes, as predicate offenses, according to *Martin v. State*, 189 Ga. App. 483, 496 (376 SE2d 888).

However, the removal of those predicate offenses in the case does not require a reversal of the RICO convictions in this case. In *Martin*, we reversed the convictions on Counts 3-77 because they were duplicitous of the 75 offenses alleged in Count 1. The court had entered separate convictions on Counts 3-77 and Counts 1, 2, 78 and 79. Those for Counts 3-77, we held, could not stand, but the others were upheld. We see no difference in principle in this case. The removal from this indictment of the theft allegations made in "divisions" 9, 13 and 14 as to the L.A. Gear tennis shoes, the 1983 Honda three-wheeler and the 1976 Chevrolet pickup truck, leave seven predicate offenses, one of which includes many more items stolen from the Greater Atlanta Shippers Association in addition to the L.A. Gear tennis shoes. None of these is duplicitous of any substantive offense for which appellants have pled guilty in any court, and any two of these would be sufficient to sustain the single RICO conviction lodged against each appellant on his guilty plea. OCGA § 16-14-3 (8); see *Martin*.

As noted in *Martin* at 495, a RICO conviction requires proof that appellant has committed two or more offenses of the kind included in the RICO statues, as part of an enterprise to engage in a pattern of racketeering activity. The conviction of each appellant in this case for RICO violations is overwhelmingly supported even with the double prosecutions removed. The appellants pled guilty to a sufficient number of valid predicate offenses so as to constitute a RICO violation and on appeal they make no showing that their pleas of guilty as to those prosecuted predicate offenses were invalid for any reason. The State is not required in the first place to prove all the predicate offenses alleged in the indictment, but is required to prove only two beyond a reasonable doubt. *Brown v. State*, 191 Ga. App. 76, 77 (381 SE2d 101).

Accordingly, it was error not to strike from the indictment, as predicate offenses, the three thefts which had been formerly prosecuted, but the remaining predicate offenses, to which appellants pled guilty, were more than sufficient to support the RICO conviction. There is no reason to infer the guilty pleas to the other offenses were tainted or otherwise affected by the superfluous addition of predicate offenses which had formerly been prosecuted. Error, to be reversible, must be harmful, and we find this error harmless beyond a reasonable doubt, even if it arises to constitutional proportion. *Hamilton v.*

*State*, 239 Ga. 72, 77 (235 SE2d 515); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

2. Neither was the prosecution of the remaining valid predicate offenses barred on grounds the State, when it prosecuted the substantive offenses of theft in Carroll County, could have or should have prosecuted appellants for the entire spectrum of RICO offenses.

There is no suggestion on appeal that the other offenses which comprised a pattern of racketeering activity were known to the prosecutor in Carroll County. See OCGA § 16-1-7 (b); *Sanders v. State*, 188 Ga. App. 774 (374 SE2d 542). OCGA § 16-1-8 (b) (1), barring prosecution for a crime of which the accused could have been convicted on the former prosecution or which involves "the same conduct," does not defeat a RICO prosecution of *other* predicate offenses which may be like or somehow connected in purpose to a crime or crimes prosecuted alone. A RICO prosecution is based upon the defendant's engagement in an *enterprise* of racketeering activity, not upon the separate or related commission of acts involving "the same conduct." It would destroy the purpose of the Act to prohibit a valid RICO prosecution on grounds that a defendant might at some time have been prosecuted for an individual act that was similar to the RICO predicate offenses or which might have been part of a larger enterprise. The assertion here made by appellants would utterly destroy the body of criminal law in this state, including the RICO Act, by requiring the State to instigate a RICO prosecution wherever any offense is committed, if it might conceivably have been a predicate act (see OCGA § 16-14-3 (9) (A) (ii-xxvi)) and if the defendant had committed at least one other such predicate act; and it would require the prosecutor in every case to determine whether an offense was conceivably part of an "enterprise" which amounted to racketeering. The chilling effect such requirements would place on all prosecution is obvious.

Our holding that the appellants' plea of former jeopardy was good as against the prosecution under RICO for offenses previously prosecuted independently, renders appellants' remaining enumeration moot. But, we find no grounds for reversal of the RICO convictions, based on the plea of guilty to sufficient validly prosecuted predicate offenses where the inclusion of invalid offenses was probably harmless, even as to any constitutional error. *Kirkland*, supra.

*Judgments affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JANUARY 8, 1991 —
REHEARING DENIED FEBRUARY 5, 1991 — 

*Joel E. Dodson*, for appellant (case no. A90A1621).
*Alden W. Snead*, for appellant (case no. A90A1622).

*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.