A90A1743. ARNOLD et al. v. THE STATE.

(402 SE2d 312)

COOPER, Judge.

Appellants Roderick Arnold and Ricky Sanders were tried before a jury and convicted of trafficking in cocaine. Sanders was also convicted of possession of a firearm during the commission of a felony involving drugs. They appeal the trial court's denial of their motion for new trial.

At the time of his arrest, an informant told police officials that he could arrange a drug purchase. In the presence of two officers, who overheard and taped the conversation, the informant called appellants' co-defendant Anthony Nixon and arranged for the purchase of three kilograms of cocaine for $54,000. The plan was for the informant and two undercover officers to meet Nixon the following day between 3:00 p.m. and 4:00 p.m. in a McDonald's parking lot in southeast Atlanta. Nixon was to have been driving a red Camaro, and the suppliers were to meet them in a burgundy Nova. The informant was wired with a body bug and was to signal the police to begin the bust after he had seen the drugs. The informant and two undercover officers parked next to the McDonald's and saw Nixon arrive in a red Camaro. Nixon briefly spoke with the informant and then called the supplier's beeper. The two cars then moved to the McDonald's parking lot, and the informant got into Nixon's car to await the delivery of the drugs. Several other undercover cars were situated in the area to observe any activity consistent with the information generated in the telephone conversation. A burgundy Nova soon circled through the parking lot, returned and parked. Nixon walked over to the driver's side of the Nova, and Arnold reached into the back seat and retrieved a large brown bag which he passed to Sanders, who then gave the bag to Nixon through the window. Sanders and Arnold left the parking lot, and Nixon placed the bag in his car. The informant opened the bag and counted out five kilos, which signaled the police to commence

the bust. Police followed appellants to a service station where Sanders was arrested in possession of a pistol. Arnold led the police on a high-speed chase and was arrested after wrecking the car, in which $17,000 was discovered. The cocaine, weighing 4,500 grams, 10.3 pounds, tested greater than 90 percent pure.

1. Appellants contend that their arrests were made without probable cause because the arrests were predicated on information provided by an unreliable informant and that the trial court erred in admitting into evidence contraband seized pursuant to warrantless arrests. " 'Under Georgia law, an officer may arrest without a warrant "if the offense is committed in his presence or within his immediate knowledge . . . or for other cause if there is likely to be failure of justice for want of a judicial officer to issue a warrant." OCGA § 17-4-20 (a). The constitutional validity of an arrest without a warrant depends "upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at the moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense." [Cits.]' " *Manzione v. State*, 194 Ga. App. 227, 228-229 (390 SE2d 121) (1990). Appellants argue that there was no probable cause because the informant had not provided information in the past and the information provided was insufficient to gauge the informant's reliability. " 'The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is determined by the "totality of the circumstances" surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. [Cit.] "(A) deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or some other indicia of reliability." [Cit.]' [Cit.]" *Goldsby v. State*, 186 Ga. App. 180, 182 (1) (367 SE2d 84) (1988).

In the case sub judice, one of the officers testified that at the informant's arrest, he expressed a desire to make a deal with the officers to stay out of jail; thus, the informant was highly motivated to tell the truth to obtain favorable treatment by the police. Further, although the informant had never before provided the officers involved in the case with information, the events preceding the arrest affirmed the informant's tip in every respect, save the quantity of cocaine expected, the ultimate seizure exceeding what was anticipated. Under the totality of the circumstances, we find that the testimony provided by the officers at the hearing on the motion to suppress demonstrated that they had sufficient information prior to the arrests linking appellants to illegal drug activity to support the warrantless arrests. Accordingly, the trial court did not err in finding probable

cause and in denying the motion to suppress. *Manzione*, supra; *Goldsby*, supra at 183. See also *Frankum v. State*, 174 Ga. App. 660 (1) (331 SE2d 52) (1985).

2. In their second enumeration of error, appellants argue that inconsistencies in the testimony of three of the officers constituted perjury mandating a new trial. We disagree. " 'When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury. The credit to be given a witness's testimony where impeached for . . . contradictory statements out of court shall be for the jury to determine.' OCGA § 24-9-85. Only testimony which is wilfully and knowingly false must be disregarded in its entirety. [Cit.] The record does not disclose that [the officers] swore wilfully and knowingly falsely. Thus, the question of [their] credibility was for the jury to determine. [Cit.]" *Williams v. State*, 180 Ga. App. 365, 366 (349 SE2d 253) (1986). The trial court did not err in denying the motion for new trial.

3. We next consider appellants' contention, in the third enumeration of error, that the trial court erred in failing to compel the State to identify the informant and in failing to conduct a hearing to determine whether the identity of the informant was material pursuant to appellants' *Brady* motion. In addition, in their fourth enumeration of error, appellants charge that the trial court erred in failing to conduct a hearing on the witnesses' alleged perjury and in not enforcing a witness subpoena. A review of the record reflects that no requests were made of the trial court to compel disclosure of the informant's identity, to conduct either of the hearings urged on appeal or to attach a witness who failed to appear. Appellants have " ' "the burden of showing error affirmatively by the record and this burden is not discharged by recitations in the brief." (Cit.)' [Cit.]" *Fields v. State*, 194 Ga. App. 149, 151 (3) (390 SE2d 71) (1990). Further, as stated in Division 2 above, there was no factual basis to justify a hearing on alleged perjury.

4. Finally, appellants contend that the verdict was contrary to the evidence. This enumeration is without merit. A review of the evidence in a light most favorable to the verdict reveals ample evidence to enable a rational trier of fact to find appellants guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*Harry J. Bowden*, for appellants.
*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Joseph J.*

*Drolet, Charles W. Smegal, Assistant District Attorneys,* for appellee.