A92A2393. ROBBINS v. THE STATE.
(428 SE2d 450)

BLACKBURN, Judge.

Pearl Lue Robbins was convicted by a jury of making harassing telephone calls in violation of OCGA § 16-11-39 (4). She appeals from the judgment entered on the jury's verdict.

1. Appellant first contends the record does not show whether the jury's verdict was unanimous because the accusation alleged commission of the charged crime in two separate and alternative ways, see *Hazelton v. State*, 200 Ga. App. 61, 63 (406 SE2d 569) (1991), but the jury returned only a general verdict. There is no indication in the record that appellant raised this issue in any pretrial pleadings. Appellant has provided neither a transcript of the trial nor a substitute transcript or stipulation of facts prepared pursuant to OCGA § 5-6-41 (g), (i). Consequently, we cannot determine whether appellant requested a jury charge on unanimity, see *Maddox v. State*, 233 Ga. 874, 875-877 (2) (213 SE2d 654) (1975); whether the court gave such an instruction to the jury; whether appellant exercised her right to have the jury polled to ascertain whether each juror's vote of guilty was based on the same method of commission of the crime, see id.; or whether appellant raised this issue in the trial court in any manner and obtained a ruling. Appellant has the burden of showing error affirmatively by the record, and this burden cannot be discharged by recitations of error in the brief. *Arnold v. State*, 198 Ga. App. 514,

516 (3) (402 SE2d 312) (1991). Appellant having failed to fulfill her responsibility to provide a transcript, this court can only presume that the trial was conducted in a regular and proper manner. *Powell v. State*, 198 Ga. App. 509, 512 (2) (402 SE2d 108) (1991).

2. Appellant maintains that her trial counsel's failure to call her as a witness despite her insistence that she testify constituted ineffective assistance of counsel. Appellate counsel did not represent appellant at trial or upon a motion for new trial, and the issue of effectiveness of trial counsel has been raised for the first time on appeal. Under these circumstances, the case is remanded to the trial court for an evidentiary hearing on appellant's claim of ineffective assistance of counsel. *Kendrick v. State*, 196 Ga. App. 182 (395 SE2d 644) (1990); see *Johnson v. State*, 259 Ga. 428, 429 (3) (383 SE2d 115) (1989).

*Judgment affirmed and case remanded for further proceedings in accordance with Division 2. McMurray, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1993.

*Paul McGee*, for appellant.
*James L. Webb, Solicitor, Helen A. Roan, Carol Walker-Russell, Assistant Solicitors*, for appellee.