A97A2059. GUEST v. THE STATE.
(494 SE2d 523)

BLACKBURN, Judge.

James David Guest appeals his convictions of one count of driving under the influence pursuant to OCGA § 40-6-391 (a) (1) and two counts of endangering a child pursuant to OCGA § 40-6-391 (l).

1. In his first enumeration of error, Guest contends that the trial court erred in denying his motion for a continuance to obtain a new attorney after he terminated his previous attorney.

Guest was represented by a retained attorney during the first trial of his case, which resulted in a mistrial due to a deadlocked jury. The first trial concluded on November 21, 1996, and a retrial was scheduled for the next week. On November 25, 1996, the first morning of the second trial, Guest informed the court that he had fired his

---

[4] Approximately 400 additional pages of the file were produced after the initial production.

attorney and moved for a ten-day continuance to seek new counsel and prepare for trial. After a hearing, the trial court denied Guest's motion and indicated in its order that Guest would represent himself with the assistance of his former attorney. The trial court also found that Guest did not qualify for a public defender.

"A motion for continuance predicated upon a claim of insufficient time to prepare for trial is addressed to the sound discretion of the trial court, and will not be interfered with unless it is clearly shown that the court abused its discretion. The conduct of the party is a relevant and proper consideration of the [trial court] in the exercise of its discretion in order to prevent a party [from] using the discharge and employment of counsel as a dilatory tactic." (Citation and punctuation omitted.) *Massalene v. State*, 224 Ga. App. 321, 322 (1) (480 SE2d 616) (1997).

Guest's attorney obtained a mistrial due to a hung jury in the first trial and was present to start the second trial. There is no transcript of the hearing of Guest's motion in the record on appeal. At the motion for new trial, the court described its recollection of the motion stating, "I think that you stated that you wanted to represent yourself, and you no longer desired Mr. Minter to represent you. And the Court had him sit with you, not as your lead counsel, but, I guess, as your co-counsel or someone that you could confer with if you needed some legal advice." Although Guest now argues the trial court failed to make any inquiry into his diligence in obtaining another attorney, we are unable to address such argument without a transcript.

The trial court conducted a hearing on Guest's motion; however, we have not been provided with a transcript of the hearing. "Appellant has the burden of showing error affirmatively by the record, and this burden cannot be discharged by recitations of error in the brief. *Arnold v. State*, 198 Ga. App. 514, 516 (3) (402 SE2d 312) (1991)." *Robbins v. State*, 207 Ga. App. 556 (1) (428 SE2d 450) (1993). Under the facts of this case shown by the record on appeal, an abuse of discretion has not been clearly shown.

In his brief, Guest attempts to enlarge this enumeration of error to contend that he did not knowingly and voluntarily waive his right to counsel. However, this issue was not properly raised in his enumerations of error and will not be addressed. See *Brown v. State*, 191 Ga. App. 76, 79 (4) (381 SE2d 101) (1989) ("[a]n appellant cannot expand his enumerations of error by brief to include issues not raised in the enumerations of error"); see also *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539) (1996) (" '[w]hen an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 (cit.) or elect to review any one or more of the several assertions of error contained within the single enumera-

tion and treat the remaining assertions of error therein as abandoned' ").

2. In his second enumeration of error, Guest contends that the trial court erred in requiring his discharged attorney to remain in the courtroom in an advisory capacity. In particular, Guest complains that the trial court told the jury, "[t]he defendant is representing himself in this case. And he is being assisted by *his attorney*, Mr. Fred Minter." (Emphasis supplied.) Guest argues that because Minter was identified as his attorney but did not visibly assist him, the jury might have been left with the impression that his case was so bad that his own attorney would not assist him. However, because Guest failed to object, any error resulting from the trial court's comment was not preserved for review. See *Turner v. State*, 199 Ga. App. 836, 838 (4) (406 SE2d 512) (1991) (pro se defendant waived right to assert prosecutor's statements as error by failing to object at trial).

3. Guest contends he was denied effective assistance of counsel by the actions of the attorney required to assist him. However, at the motion for new trial, Guest admitted that he represented himself at trial. " 'When a criminal defendant elects to represent himself, either solely or in conjunction with representation or assistance by an attorney, he will not thereafter be heard to assert a claim of ineffective assistance of counsel with respect to any stage of the proceedings wherein he was counsel.' " *Williams v. State*, 192 Ga. App. 317, 319 (3) (384 SE2d 877) (1989).

4. Guest contends that the trial court erred in failing to give the jury charge he requested on implied consent law, after the court agreed to give such charge during the charge conference. However, Guest failed to object or reserve objections to the trial court's charge to the jury. Therefore, this enumeration of error is waived. See *Kegler v. State*, 267 Ga. 147, 149 (5) (475 SE2d 593) (1996) (pro se defendant's failure to object or to reserve right to raise objections later to the trial court's charge precludes appellate review of such charge). Furthermore, considering that the trial court read the implied consent law at the end of Guest's case, the trial court's failure to do so during the jury charge was not substantial error.

5. Guest contends that the trial court erred in denying his motion for new trial. As this enumeration fails to raise any issue not previously considered, it is without merit.

6. Guest asserts that the trial court erred in its sentence on the two counts of endangering a child. On the first count of endangering a child, the trial court sentenced Guest to serve 12 months consecutive to his 12-month sentence on the DUI. On the second count of endangering a child, the trial court sentenced Guest to 12 months probation consecutive to his 12-month sentence on the first endangering a child count.

The sentence for a violation of OCGA § 40-6-391 (1) is prescribed by OCGA § 16-12-1 (d). See OCGA § 40-6-391 (1). OCGA § 16-12-1 (d) (1) provides that "[u]pon conviction of the first offense, the defendant shall be guilty of a misdemeanor and shall be fined not less than $200.00 nor more than $500.00 or shall be imprisoned for not less than one month nor more than five months, or both fined and imprisoned." Subsection (d) (2) of that Code section provides that upon a second conviction the sentence shall be "not less than three months nor more than one year."

The trial court erred in imposing Guest's sentence with regard to the two counts of endangering a child. The case is therefore remanded with direction that Guest be resentenced consistent with the law on these counts.

*Judgment affirmed and case remanded with direction. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 12, 1997 —
RECONSIDERATION DENIED DECEMBER 3, 1997 — 

*M. P. Schildmeyer*, for appellant.
*Cheryl F. Custer, District Attorney, Mirza A. Baig, Assistant District Attorney*, for appellee.