### A11A0615. REDFORD v. THE STATE.
(710 SE2d 197)

ELLINGTON, Chief Judge.

A Douglas County jury found Julian Redford guilty beyond a reasonable doubt of acquiring control of money through a pattern of racketeering activity in violation of OCGA § 16-14-4 (a),[1] based on

---

[1] See OCGA § 16-14-1 et seq. (the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO)).

multiple predicate acts of forgery in the first degree. Following the denial of his motion for a new trial, Redford appeals, contending the trial court erred in failing to instruct the jury, as he requested, on the offense of forgery in the first degree as a lesser-included offense of racketeering. For the reasons explained below, we affirm.

Viewed in the light most favorable to the jury's verdict,[2] the evidence shows the following. From November 2002 to June 2005, Redford took checks issued by insurance companies and made payable to his employer, Wren's Body Shop, forged the checks with the name of Phil Wren, who was authorized to endorse checks for the company, cashed the checks at a nearby check-cashing business, and kept the money for himself.[3] The State offered evidence of 42 such checks, in amounts ranging from $746.26 to $5,165.33 and totaling over $100,000. During the 32-month period, he cashed as few as zero and as many as four checks during a single month. In a single count indictment, the State charged Redford with acquiring control of money through a pattern of racketeering activity in violation of OCGA § 16-14-4 (a), listing the forgeries as the predicate acts.

Redford requested that the jury be instructed:

> If you do not believe beyond a reasonable doubt that the defendant is guilty of Violation of Georgia RICO Act, but do believe beyond a reasonable doubt that the defendant is guilty of Forgery in the First Degree, then you would be authorized to find the defendant guilty of Forgery in the First Degree[.]

The trial court denied the request.

Redford contends that, because forgery in the first degree was the only predicate offense for the charge of racketeering, proof of the racketeering charge would necessarily establish every element of forgery in the first degree and, therefore, forgery was a lesser-included offense of racketeering. He contends that the jury might have found that he committed acts of forgery but found that each forgery was a separate incident and, though repeated, not part of a larger scheme or pattern of interrelated acts, as required to prove racketeering. Redford contends that he was harmed by the trial court's failure to give the requested charge, in that he was sentenced to twenty years, the maximum sentence for racketeering,[4] because he would have faced a maximum sentence of only ten years imprison-

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 318-319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[3] For purposes of appeal, Redford concedes that the evidence established the forgeries.

[4] OCGA § 16-14-5 (a).

ment if the jury had found him guilty of forgery in the first degree as a lesser-included offense of the single count of racketeering.[5]

Under Georgia law, the finder of fact in a criminal case may be authorized, depending on the evidence, to convict the defendant of a lesser-included offense, instead of the greater, charged offense, even though that lesser-included offense is not explicitly presented in the indictment or accusation. See OCGA § 16-1-6 ("An accused may be convicted of a crime included in a crime charged in the indictment or accusation."); *Bennett v. State*, 244 Ga. App. 149, 151 (2) (534 SE2d 881) (2000); *Fulton v. State*, 232 Ga. App. 898, 899 (1) (503 SE2d 54) (1998). A crime is included in another crime, inter alia, when "[i]t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the [other] crime[.]" OCGA § 16-1-6 (1).[6]

It is well established that, when a defendant is charged with one offense, and when there is some evidence, no matter how slight, presented to the jury that shows that the defendant committed a lesser-included offense, then the court must, upon timely written request, instruct the jury on the lesser-included offense. *Edwards v.*

---

[5] OCGA § 16-9-1 (b).

[6] For example, where there is evidence that a defendant, who is accused of burglary, entered the dwelling house of another without authority, and where there is evidence that the defendant did so for some unlawful purpose but not with the intent to commit a felony or theft therein, the jury would be authorized to convict the defendant of criminal trespass, and, therefore, the defendant is entitled upon written request to a jury instruction on criminal trespass as a lesser-included offense of burglary. *Waldrop v. State*, 300 Ga. App. 281, 284-286 (3) (684 SE2d 417) (2009); *Hiley v. State*, 245 Ga. App. 900, 901 (539 SE2d 530) (2000); see OCGA §§ 16-7-1 (a) ("A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . the dwelling house of another[.]"); 16-7-21 (b) (1) ("A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose[.]"); see also *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (Where the same act or transaction constitutes a violation of two distinct statutory provisions, Georgia courts apply the "required evidence" test to determine whether one crime is included in the other under OCGA § 16-1-6 (1). Under the required evidence test, neither offense is included in the other if "each provision requires proof of a fact which the other does not.") (punctuation and footnote omitted); *Walker v. State*, 279 Ga. App. 749, 751 (3) (a) (632 SE2d 482) (2006) (If an indictment alleges child molestation, and if the evidence presented at trial is sufficient to show an intentional touching of the victim's intimate parts, but not with the intent to arouse or satisfy the sexual desires of either the victim or the accused, as required to prove child molestation under OCGA § 16-6-4 (a) (1), a jury instruction on sexual battery under OCGA § 16-6-22.1 (b), as a lesser-included offense, would be required.); *Fulton v. State*, 232 Ga. App. at 899 (1) (Where the indictment alleged aggravated assault with a deadly weapon, OCGA § 16-5-21 (a) (2), and where the evidence was sufficient to show that the defendant struck the victim on the face with a pistol, or with his fist while holding a pistol, but where there was evidence that the defendant did so without the intent to use the pistol as a deadly weapon and in a manner such that the pistol was not a deadly weapon, the trial court properly instructed the jury on simple battery as a lesser-included offense.).

*State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).[7] On the other hand, where the State's evidence establishes all of the elements of the charged offense, and where there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense. Id.

Under the Georgia RICO Act, "[i]t is unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (a). The Act provides that "[r]acketeering activity" means, inter alia, "to commit, to attempt to commit, or to solicit, coerce, or intimidate another person to commit any crime which is chargeable by indictment under the following laws of this state," and then lists 40 different criminal offenses under Georgia law. OCGA § 16-14-3 (9) (A).[8] One of those offenses is forgery in the first degree as defined in OCGA § 16-9-1.[9] OCGA § 16-14-3 (9) (A) (viii). A "[p]attern of racketeering activity" is defined as, inter alia,

> [e]ngaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such acts occurred after July 1, 1980, and that the last of such acts occurred within four years, excluding any periods of imprisonment, after the commission of a prior act of racketeering activity[.]

OCGA § 16-14-3 (8) (A). Thus, as Redford contends, the State could not carry its burden of proving that he was guilty of racketeering as charged without also proving that he committed at least two acts that satisfied all of the elements of the offense of forgery in the first degree *plus* the additional element that the acts of forgery were part

---

[7] See also *Miller v. State*, 259 Ga. App. 244, 245 (1) (576 SE2d 631) (2003) (accord); see generally, Jack Goger, Daniel's Georgia Criminal Trial Practice, § 24-5 (2010-2011 ed.).

[8] See also OCGA § 16-14-3 (9) (B) (also defining as racketeering activity several crimes that are chargeable under the law of the United States or the several states).

[9] A person commits the offense of forgery in the first degree when with intent to defraud he knowingly makes, alters, or possesses any writing in a fictitious name or in such manner that the writing as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority and utters or delivers such writing. OCGA § 16-9-1 (a).

of a pattern of interrelated acts and not isolated incidents. *Raines v. State*, 219 Ga. App. 893, 894 (1) (467 SE2d 217) (1996).[10] In other words, the offense of forgery in the first degree was established by proof of less than all of the facts that established the offense of racketeering.[11]

It does not necessarily follow, however, that Redford was entitled to a jury instruction on forgery in the first degree as a lesser-included offense of racketeering. Racketeering is a special type of compound offense, not simply a more serious grade of forgery, robbery, homicide, or any of the other offenses specified in the Act as predicate offenses.[12] In this case, the district attorney opted to obtain an indictment only for racketeering. Even though that charge of racketeering was predicated on conduct which is "chargeable by indictment" under OCGA § 16-9-1, "relating to forgery in the first

---

[10] We note that the jury would have been authorized to find Redford guilty of racketeering even if it found that he had committed fewer than all of the acts of forgery specified in the indictment, so long as it found beyond a reasonable doubt that he committed at least two of the specified predicate acts. *Dorsey v. State*, 279 Ga. 534, 540 (2) (a) (615 SE2d 512) (2005).

[11] See *Drewry v. State*, 201 Ga. App. 674, 675-676 (3) (411 SE2d 898) (1991) (An indictment that charged the defendants with violating the Georgia RICO Act and also charged them in separate counts with violating those statutory provisions which were specified as the predicate acts for the racketeering offense was not subject to attack by demurrer as duplicitous, although, in the event the jury found the defendants guilty of both the racketeering and the predicate acts, the trial court would not be authorized to impose separate punishment for the racketeering and for the predicate acts.); *Bethune v. State*, 198 Ga. App. 490, 491 (1) (402 SE2d 276) (1991) (Where the defendants were formerly prosecuted and sentenced for certain criminal offenses, the State could not later prosecute the defendants for racketeering predicated on that same criminal conduct.); *Martin v. State*, 189 Ga. App. 483, 494-497 (10) (376 SE2d 888) (1988) (physical precedent only) (Where a jury found the defendants guilty of violating the Georgia RICO Act and also of violating those statutory provisions which were specified as the predicate acts for the racketeering offense, which were charged in separate counts of the indictment, the trial court erred in sentencing the defendants on both the racketeering and the predicate acts.). We note, in contrast to our construction of the Georgia RICO Act, federal courts have found that a defendant may be successfully prosecuted for violations of the federal RICO Act and for violations of the predicate offenses and may be subjected to multiple punishments for the same conduct under RICO and other statutes. See, e.g., *United States v. Esposito*, 912 F2d 60, 64 (II) (3d Cir. 1990); *United States v. Hawkins*, 658 F2d 279, 287 (I) (5th Cir. 1981); see generally Jimmy Gurule, *Complex Criminal Litigation*, § 14-2c ("Single Course of Conduct Versus Multilayered Conduct") (2002). This result flowed from courts' finding that the Congress of the United States specifically intended in enacting the federal RICO statute to permit cumulative sentences for substantive RICO offenses and the underlying predicate offenses. *United States v. Esposito*, 912 F2d at 64 (II); *United States v. Hawkins*, 658 F2d at 287 (I).

[12] See *Chancey v. State*, 256 Ga. 415, 416-419 (349 SE2d 717) (1986); Michael P. Kenny et al., "A Comprehensive Analysis of Georgia RICO," 9 Ga. St. U. L. Rev. 537 et seq. (April 1993); 8 *RICO State by State: A Guide to Litigation Under the State Racketeering Statutes* 279 (Georgia) (American Bar Association, 1998); *Whalen v. United States*, 445 U. S. 684, 708-709 (100 SC 1432, 63 LE2d 715) (1980) (Rehnquist, J., dissenting) (distinguishing between "statutes that define greater and lesser included offenses in the traditional sense," where proof of the greater offense necessarily entails proof of the lesser, from statutes, such as the federal RICO statute, that define "compound" and "predicate" offenses) (punctuation omitted).

degree,"[13] Redford was *not* charged with forgery under OCGA § 16-9-1, but only with acquiring control of money through a pattern of racketeering activity under OCGA § 16-14-4 (a). The jury was properly instructed that it was authorized to convict Redford only if the State had proved beyond a reasonable doubt that he acquired control of money through at least two of the specified separate acts of forgery and that the forgeries he committed were part of a pattern of interrelated racketeering activity, as defined in the RICO Act. *Dorsey v. State*, 279 Ga. 534, 540 (2) (a) (615 SE2d 512) (2005). In the event the jury had found that Redford committed some or all of the specified forgeries, but did *not* find beyond a reasonable doubt that those forgeries constituted a *pattern* of interrelated racketeering activity, as defined in the Act, the jury would have been required to acquit Redford; it would not have been authorized to convict him, instead, of forgery. *Raines v. State*, 219 Ga. App. at 894 (1). Based on all of the foregoing, we conclude that Redford was not entitled to a jury instruction on forgery in the first degree as a lesser-included offense of racketeering. Consequently, the trial court did not err in failing to give Redford's requested charge.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED APRIL 1, 2011.

*Garland, Samuel & Loeb, Donald F. Samuel, Amanda R. C. Palmer*, for appellant.

*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.