## A90A0890. SIMS v. THE STATE.
(398 SE2d 244)

COOPER, Judge.

Appellant was convicted of armed robbery and appeals from the denial of his motion for new trial.

Viewing the evidence in this case in the light most favorable to the jury's verdict, the evidence shows that appellant entered a convenience store and pointed a shotgun at the victim, ordering that he be quiet and go back into the office. Appellant demanded the money on a desk which the victim had been readying for deposit. The victim placed the money in a paper bag and was instructed by appellant to lie on the floor. When he heard the door close, the victim went to the window and saw appellant fleeing in a 1987 or 1988 blue four-door Oldsmobile. The victim and another employee were able to get the license number which they reported to the police. The police placed a lookout for the vehicle, and within 20 to 25 minutes of the robbery, the vehicle was spotted traveling north on Interstate 85. Appellant was arrested, and a search of the car revealed a brown paper bag containing a large bundle of cash and a red baseball cap, which the victim testified appellant wore during the robbery. The shotgun was not found in the car; however, the following day, a truck driver discovered a sawed-off shotgun on the shoulder of I-85 approximately 24 miles north of the store. While in custody, appellant confessed to committing the robbery but stated that he used a pipe, which he claimed he threw from the car. At trial, appellant admitted that his statement that he used a pipe to commit the robbery was false and further admitted that he did have a shotgun during the robbery.

1. Appellant enumerates as error the trial court's denial of his motion to suppress and the admission of the shotgun as evidence at trial. Appellant argues that because the victim could not confirm that the shotgun recovered by the police was in fact the same weapon appellant held on him, it should have been excluded from the evidence because its admission unduly influenced the jury and prejudiced him. We disagree. The record reveals that although Mitchell was not sure that the shotgun was the actual gun appellant used during the robbery, he testified that it looked "familiar," and he was certain that appellant was holding a shotgun and not a pipe. Appellant admitted throwing a pipe from the car while fleeing the robbery, and a shotgun was discovered on the shoulder of the road on which appellant was arrested. "Under these facts, the trial court properly admitted the [shotgun] into evidence. As long as the state presents sufficient evidence from which a rational trier of fact could conclude that the robbery was committed with the use of a [shotgun], it makes no material difference whether the [shotgun] actually admitted into evidence was the one actually used or was only similar to the [shotgun] used by the

defendant. [Cit.]" *Carswell v. State*, 163 Ga. App. 743 (2) (295 SE2d 548) (1982). In addition, the evidence adduced at trial relative to the identification of the shotgun was sufficient to authorize the jury to decide whether or not it was the weapon used by appellant. See *Holloway v. State*, 190 Ga. App. 528 (3) (379 SE2d 542) (1989). Accordingly, we find no error in the admission of the shotgun.

2. Appellant contends the trial court erred in denying his motion to suppress the red baseball cap and paper bag containing bundled money taken from appellant's car. When appellant was stopped, he was ordered from the vehicle, handcuffed and placed in a patrol car. With appellant secure in the patrol car, the police searched the vehicle. Appellant urges that the warrantless search of his car was unreasonable due to the fact that he had already been handcuffed and was no longer in the car.

"[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *New York v. Belton*, 453 U. S. 454, 460 (101 SC 2860, 69 LE2d 768) (1981). This court has held that "a search is valid as an incident to a lawful custodial arrest where the defendant has been handcuffed and placed in a patrol car while the search was conducted." *State v. Watkins*, 182 Ga. App. 431, 432 (356 SE2d 82) (1987). "The decisive factor is whether the arrestee was, at the time of his *arrest*, a 'recent occupant' of the automobile, not whether the automobile and its contents were in his immediate control at the time of the *search*." *State v. Hopkins*, 163 Ga. App. 141 (2) (293 SE2d 529) (1982). Appellant was the subject of a lawful custodial arrest, and the search of his vehicle immediately followed the arrest. Thus, the search was valid and the trial court did not err in admitting the evidence. See *State v. Tinsley*, 194 Ga. App. 350 (1) (390 SE2d 289) (1990).

3. Appellant contends, in his third and fourth enumerations of error, that his out-of-court statements to police were made with fear of personal injury and without the advice of his *Miranda* rights and therefore were erroneously admitted at trial as voluntarily made. At a *Jackson-Denno* hearing prior to trial, Sgt. Camp, who transported appellant to jail following his arrest, testified that before placing appellant in his patrol car he read appellant his *Miranda* rights from a card. While en route, appellant volunteered that he did not have a gun but that he had a pipe. Appellant claimed that in the patrol car, Camp said that appellant was going to be asked questions at the jail and if appellant failed to answer, Camp would "blow his brains out." Appellant insists that this threat tainted subsequent statements made while in custody. Camp and Investigator Allen testified that when appellant arrived at the jail, Allen re-administered the *Miranda* rights. Appellant signed a waiver of rights certificate and provided a written

statement in which he admitted committing the robbery with a pipe and throwing the pipe out the car window on the highway. Allen's handwritten report of his interview with appellant as well as the appellant's written waiver and statement were admitted into evidence. Appellant contends he was subjected to "torture tactics designed to overpower the will of a suspect who was otherwise determined to remain silent." He testified that initially he refused to make a statement and requested counsel; however, facing the prospect of being detained for 72 hours, not being allowed to phone his family or counsel, he relented signing the waiver and giving the statement. Appellant said his interrogation took place in a small room and that Camp was present throughout. Appellant was told that his was "an open and shut case." Both Camp and Allen denied that appellant displayed a desire to remain silent or requested an attorney.

" 'Factual and credibility determinations as to voluntariness of a confession are normally made by the judge at a [*Jackson-Denno*] hearing and must be accepted by appellate courts unless such determinations are clearly erroneous. [Cit.]' [Cit.]" *Washington v. State*, 192 Ga. App. 678, 680 (385 SE2d 767) (1989). "Considering the totality of the circumstances, we find that the trial court's determination was not clearly erroneous, and that there was no error in the admission of the statement[s]." *Robinson v. State*, 194 Ga. App. 432 (2) (390 SE2d 652) (1990).

In addition, appellant argues that he gave his statement based on representations by Allen of possible benefit to be gained if the district attorney were informed of his cooperation. Allen testified that it is routine to inform a suspect that "their cooperation would be noted and it would be left up to the D.A. and the Judge as far as the outcome." He insisted that no promises were made but explained that the district attorney could negotiate a guilty plea for less than the maximum sentence. OCGA § 24-3-50 provides that a confession is not admissible unless it was made voluntarily, "without being induced by another by the slightest hope of benefit or remotest fear of injury." "Offering to make known a suspect's confession to the district attorney and the trial judge is not an offer of benefit. [Cit.]" *McKenzie v. State*, 187 Ga. App. 840 (4) (371 SE2d 869) (1988). Enumerations of error 3 and 4 are without merit.

4. In his fifth enumeration of error, appellant contends the trial court's remarks to the jury at the close of the evidence deprived him of due process and negated his right to a fair trial. The record reveals that due to the lateness of the hour before moving to closing arguments and the jury charge, the trial court inquired of the jury whether or not it wished to proceed or come back the following day. The court stated that if they were to continue, argument and the charge could be completed by 6:00 p.m., and the jury could take the

next day off and return the following day. Appellant contends that by its remarks, the trial court implied that it believed the issues in the case could be easily decided and encouraged hasty decision making. It appears appellant misunderstood the trial court's attempt to consider the jury's welfare; however, the record fails to show a timely objection to the court's remarks. Accordingly, this contention will not now be considered on appeal. See *Foushi v. State*, 144 Ga. App. 608 (3) (244 SE2d 14) (1978).

5. Appellant urges the charge to the jury was defective because the trial court did not instruct on the lesser included offenses, robbery, theft by taking and theft by deception. Although both robbery and theft by taking have been held to be lesser included offenses of armed robbery, it is not necessary to charge on the lesser included offenses where the evidence demonstrates completion of the greater offense. *Hambrick v. State*, 174 Ga. App. 444 (2) (330 SE2d 383) (1985). The evidence clearly supported the trial court's charge and appellants' conviction. Thus, the trial court did not err in refusing to charge robbery and theft by taking.

" 'It is a basic law that a defendant in a criminal case is entitled to have the jury consider every lesser offense which the evidence authorizes which is includable in the crime for which he was indicted.' [Cits.] 'A crime is so included when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.' [Cit.]" *Dickson v. State*, 167 Ga. App. 685 (2) (307 SE2d 267) (1983). Appellant contends that theft by deception is a lesser included offense of armed robbery and as such should have been charged based on appellant's testimony that he committed the robbery as a part of a scheme allegedly devised by two former employees of the store's parent company to defraud the parent company and its shareholders. In *Moore v. State*, 140 Ga. App. 824 (2) (232 SE2d 264) (1976), we held that neither burglary nor attempted armed robbery was a lesser included offense of the other. The reasoning in that case applies equally well to the facts in this case. "The statutory definition[s] of [theft by deception and armed robbery] make it clear that the Georgia legislature also intended to prohibit two designated kinds of general conduct, and that the two crimes, which were codified in separate chapters, are not established by the same proof of all the facts . . . [N]either crime is a lesser, or included, offense of the other as a matter of law or fact, for the facts must differ to convict under the statutes" Id. at 827. Accordingly, inasmuch as this trial followed an indictment for armed robbery, the court did not err in omitting

appellant's request to charge on theft by deception.

6. Appellant asserts that the trial court erroneously failed to charge the jury that evidence which merely raises a suspicion of guilt is an insufficient basis for conviction and that appellant's testimony had the same evidentiary value as other testimony. We disagree. A review of the charges in their entirety reveals that the principles contained in the requested charges were sufficiently covered by the court's instructions on reasonable doubt, burden of proof, appellant's competence as a witness and the credibility of witnesses. "[I]t is unnecessary to give the precise language of a requested charge when the principles upon which the jury must make its decision have been clearly explained by the trial court. Such being the situation in this case, the assignment[s] of error [are] without merit." *Mathis v. State*, 192 Ga. App. 772 (4) (386 SE2d 532) (1989).

7. Appellant also enumerates as error the trial court's failure to charge the defense of mistake of fact. OCGA § 16-3-5. Appellant contends that he was under the misapprehension that no robbery was being committed as he was acting in accordance with his alleged co-conspirators' plan to defraud the parent company. Pretermitting the question of whether or not mistake of fact was appellant's sole defense, appellant cannot maintain that his misapprehension justified his actions in robbing the store manager at gunpoint. The requested charge was not properly adjusted to the facts. The evidence adduced at trial clearly did not authorize a charge on mistake of fact, and the trial court was correct in refusing to give the charge. This enumeration is without merit. See *Hayes v. State*, 193 Ga. App. 33 (8) (387 SE2d 139) (1989).

8. Finally, appellant argues that the trial court erred in denying his motion for new trial based on all the contentions enumerated and discussed above and the general grounds. We find the evidence to be sufficient for a rational trier of fact to conclude that appellant was guilty of armed robbery as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Based on the foregoing, the court correctly denied appellant's motion for new trial.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

Decided October 10, 1990 —

*Daniel, Hadden & Leonard, Wesley T. Leonard*, for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.