A91A0952. BELCHER v. THE STATE.
(410 SE2d 344)

COOPER, Judge.

Appellant was indicted for kidnapping, armed robbery and aggravated assault and was found guilty by a jury of all charges. He appeals from the denial of his motion for new trial.

The evidence viewed in a light most favorable to the jury verdict shows the following: In the early morning hours of December 18, 1989, the victim stopped at a store on her way home from work. Appellant approached the victim's car as she was getting into it, poked a large pistol in her side and forced her to move to the passenger seat. When she intentionally dropped her car keys on the floor, appellant hit her in the back with the gun and demanded that she give him the keys. She complied and appellant drove to an unpopulated wooded area, telling the victim that he was going to tie her up and leave her in the woods because he needed to use her car to rob a bank when it opened in the morning. Because it was cold and snowing, the victim talked appellant out of leaving her in the woods, and he took her to his apartment which was only three blocks from the store. Appellant and the victim spent the rest of the night talking, and when appellant left in the morning, the victim went next door and called the police. The victim's car was subsequently found a couple of blocks from appellant's apartment.

1. Appellant contends in his first enumeration of error that the trial court erred in admitting the State's similar transaction evidence. The State introduced the testimony of a male victim, who identified appellant as the perpetrator of an armed robbery which occurred two months earlier. The man was giving appellant and his friend a ride home when appellant put a gun against the man's neck and forced him into the backseat of the car. Appellant told the man that he needed the car to rob a bank. The man was able to escape through the plastic rear window in his car. "While generally evidence of other criminal acts committed by an accused is inadmissible because it tends to put the accused's character into evidence in violation of OCGA § 24-9-20 (b), ' "(e)xceptions allow independent crimes to be introduced on two conditions: 1) there must be evidence that defendant was in fact the perpetrator of the independent crime, and 2) there must be sufficient similarity or connection between the independent crime and the charged crime that proof of the former tends to prove the latter. (Cits.) Thereafter the independent crime may be introduced to prove identity, motive, plan, scheme, bent of mind and course of conduct. (Cit.)" [Cit.]' [Cit.]" *Lord v. State*, 199 Ga. App. 814, 816 (1) (a) (406 SE2d 137) (1991). While every detail was not identical, we find that there were sufficient similarities in the two armed robberies to render the evidence admissible. " '(I)nitial admissibility of evidence is a matter which rests largely within the sound discretion of the trial judge. (Cit.)' [Cit.] We find no abuse of discretion of the trial court in admitting evidence of [the] prior armed [robbery] for the limited purpose for which the jury properly was instructed. Appellant's assertions are without merit." *Brown v. State*, 197 Ga. App. 155, 157 (398 SE2d 34) (1990).

2. In his second enumeration of error, appellant contends that the trial court erred in allowing the victim to testify about appellant's prior criminal record. The victim testified that during her conversation with appellant at his apartment, appellant told her about previous crimes he had committed and admitted that he had served time in prison. "We determine that the victim's testimony included a statement made by appellant during the commission of [one of] the offense[s] for which he was indicted and was an integral part of the res gestae. [Cits.] ' "Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. Hence, acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae and it does not matter that the act is another criminal offense. . . ." (Cits.)' [Cit.] 'The fact that such part of the res gestae incidentally placed (appellant's) character in issue does not render it inadmissible. (Cits.)' [Cit.] "(A) trial judge's determination that evidence offered as part of the

*res gestae* is sufficiently informative and reliable as to warrant being considered . . . will not be disturbed on appeal unless that determination is clearly erroneous." (Cits.)' [Cit.] Accordingly, we find no basis for reversal." (Indention omitted.) *Miller v. State*, 197 Ga. App. 691 (2) (399 SE2d 281) (1990). Accord *Japhet v. State*, 176 Ga. App. 189 (6) (335 SE2d 425) (1985).

3. Appellant asserts that the trial court erred in denying his motion for directed verdict on the charge of armed robbery because the evidence did not show that he took the victim's automobile by intimidation and with the use of a handgun. He argues that if any taking took place, it was while he left the victim asleep in his apartment and drove the car away; thus the robbery was not from her person or in her presence, nor was it accomplished by the use of a handgun, and therefore there was not only a failure of proof of the allegations of the indictment but also a fatal variance.

We do not agree. The jury was authorized to conclude from the evidence that the armed robbery occurred when the appellant forced the victim at gunpoint to move into the passenger seat of her car and give him the car keys. As the indictment adequately informed appellant of the charges against him so that he could effectively prepare a defense, there was no fatal variance between the allegata and the probata. *Mathis v. State*, 194 Ga. App. 498 (2) (391 SE2d 130) (1990).

4. Appellant's enumeration that the trial court erred in refusing to charge the lesser included offense is without merit. The evidence was that appellant either took control of the victim's car at gunpoint, as she testified, or, according to appellant's testimony, that she picked him up. Thus there was no evidence of theft by taking, and the jury was only authorized to find appellant guilty or not guilty of armed robbery. "Although both robbery and theft by taking have been held to be lesser included offenses of armed robbery, it is not necessary to charge on the lesser included offense where the evidence demonstrates completion of the greater offense. [Cit.] The evidence clearly supported the trial court's charge and appellant's conviction. Thus the trial court did not err in refusing to charge . . . theft by taking." *Sims v. State*, 197 Ga. App. 214, 217 (5) (398 SE2d 244) (1990).

5. Appellant enumerates the general grounds. Appellant's testimony directly contradicted the victim's testimony. He testified that the victim drove up to him at the store and asked him if he wanted to party; that she invited him to come to her apartment on Buford Highway, but since it was snowing he suggested they go to his apartment, which was nearby. She wanted to walk in the snow, so she drove the car to a parking lot and left it there, and they walked the two blocks from there to his apartment. Appellant and the victim went to his bedroom where they drank champagne and talked all night. He left her asleep in his bed when he went to work in the

morning. Appellant's common law wife testified that appellant could not drive a car.

" 'Judging the credibility of witnesses and weighing the evidence are functions within the province of the jury.' [Cit.] Further, on appeal we are required to view the evidence in the light most favorable to the verdict. [Cit.] After a review of the record and the evidence adduced at trial, we conclude that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. [Cit.]" *Seidel v. State*, 197 Ga. App. 14, 15 (1) (397 SE2d 480) (1990).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 6, 1991.

*Jonathan J. Wade*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Henry M. Newkirk, Richard E. Hicks, Assistant District Attorneys*, for appellee.