## A92A1678. DENNARD v. THE STATE.
(427 SE2d 511)

Johnson, Judge.

James Milton Dennard was convicted of possession of cocaine with intent to distribute, and sentenced as a repeat offender, pursuant to OCGA § 17-10-7. He appeals from his conviction and the denial of his motion for new trial.

1. Dennard contends that there was insufficient evidence to support his conviction of possession of cocaine with intent to distribute. This enumeration is without merit.

A police officer testified that he observed Dennard, a co-defendant and Roger Caldwell standing on a street corner. Dennard helped direct Caldwell away from the street corner to a more secluded position near the side of a building. Caldwell testified that either Dennard or the co-defendant asked him if he was wired and had a badge. He stated that one of the men showed him a piece of what appeared to be "crack" cocaine and asked if he needed anything. When a signal was given that police officers had appeared on the scene, Dennard ran to an isolated area where he dropped a white object in the grass. This object was later determined to be a vial containing 25 pieces of "crack" cocaine. Viewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Dennard guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dennard further contends that the court erred in admitting his 1989 conviction for possession of cocaine as similar transaction evidence. "While generally evidence of other criminal acts committed by an accused is inadmissible because it tends to put the accused's character into evidence . . . exceptions allow independent crimes to be introduced on two conditions: 1) there must be evidence that the defendant was in fact the perpetrator of the independent crime, and 2) there must be sufficient similarity or connection between the independent crime and the charged crime that proof of the former tends to prove the latter. Thereafter, the independent crime may be introduced to prove identity, motive, plan, scheme, bent of mind and course of conduct." (Citations and punctuation omitted.) *Belcher v. State*, 201 Ga. App. 139, 140 (1) (410 SE2d 344) (1991).

The facts surrounding Dennard's prior conviction show that an officer from the sheriff's department received a call from a "concerned citizen" that Dennard had placed a package containing cocaine in a row of hedges located approximately five blocks from the area in which the subject incident occurred. The officer recovered the package and observed the area for approximately 15 minutes. Soon thereafter, Dennard walked to the spot where the package had been hid-

den, sat on a nearby wall and "looked around" apparently to see if anyone was watching him. He then checked the area where the package had been, finding that it was gone. Dennard was subsequently indicted for possession of cocaine and entered a plea of guilty to the charge. We find that the facts surrounding the prior conviction are sufficiently similar to those in this case. Furthermore, the court's charge on the law of similar transaction evidence was complete and accurate. The trial court did not err in admitting into evidence Dennard's prior conviction.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED JANUARY 12, 1993 —
RECONSIDERATION DENIED JANUARY 28, 1993.

*J. Tracy Ward*, for appellant.
*Jack O. Partain III, District Attorney, Albert H. Tester, Assistant District Attorney*, for appellee.