A93A0557. EDWARDS v. THE STATE.
(433 SE2d 619)

SMITH, Judge.

Anthony Edwards was convicted of burglary, OCGA § 16-7-1 (a); armed robbery, OCGA § 16-8-41 (a); possession of a firearm during commission of a felony, OCGA § 16-11-106 (b) (1); and possession of a firearm by a convicted felon, OCGA § 16-11-131 (b). His motion for a new trial was denied.

1. He contends the evidence was insufficient to support his conviction on the charges of armed robbery and possession of a firearm during the commission of a felony.

At trial, Officer Lorenzo Brown of the Savannah Police Department testified that he responded to a call of a burglary in progress, and when he arrived at the address given found an open rear window. Through the window, he observed two masked men armed with an assault rifle and an assault pistol. He heard one of the men ask the victim where her money and jewelry were. He called for backup, and other officers had arrived when two men ran out the back door and fled, dropping an assault pistol and some of the victim's property.

The victim testified she was at home with her two young sons at about midnight when three men entered her bedroom, pointed two guns at her, threatened her and her younger son, and demanded money. They took $80 in cash from a box in the victim's closet and $1.52 in change she had in a drawer, as well as jewelry, a walkman radio/cassette player, and a jar of iced tea. Edwards was found hiding in a utility closet in the victim's home after the two accomplices fled. He was unmasked by the police, and the victim identified him as the man who had held an assault rifle to her face. Police officers recovered the rifle adjacent to the closet where Edwards hid. Officer Brown testified the rifle was the same weapon he had seen through the window.

Sergeant J. C. Whitcomb testified that after having been advised of his *Miranda* rights, Edwards admitted he was guilty of burglary but denied armed robbery, claiming he and two others, whose names

he did not know, had decided to burglarize the house but had found the guns in the house. The victim denied the guns had been in her home before the robbery.

Despite Edwards' denial that he committed armed robbery and regardless of whether the weapons were brought to the house or were found there by the burglars, the victim testified she was robbed at gunpoint and police officers corroborated this testimony based on their observations. "[D]eterminations of credibility and resolution of conflicts in the evidence are for the jury; this court does not reweigh the evidence but only determines its legal sufficiency." *Holcomb v. State*, 198 Ga. App. 547 (1) (402 SE2d 520) (1991); OCGA § 24-9-80. The evidence was sufficient to enable a rational trier of fact to find Edwards guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edwards' assertion of error in the trial court's failure to give his requested charge on theft by taking, OCGA § 16-8-2, is without merit. Although theft by taking has been held to be a lesser included offense of armed robbery, "it is not necessary to charge on the lesser included offenses where the evidence demonstrates completion of the greater offense. [Cit.]" *Sims v. State*, 197 Ga. App. 214, 217 (5) (398 SE2d 244) (1990). The evidence clearly demonstrated the elements of armed robbery, and the court did not err by failing to charge on theft by taking.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 17, 1993 —
RECONSIDERATION DENIED JUNE 30, 1993 —

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Richard S. Gopen, Assistant District Attorney*, for appellee.