S93G1489. EDWARDS v. THE STATE.
(442 SE2d 444)

FLETCHER, Justice.

Edwards was charged with and convicted of the offenses of armed robbery, burglary and possession of a firearm during the commission of a felony. His convictions were affirmed by the Court of Appeals. *Edwards v. State,* 209 Ga. App. 304 (433 SE2d 619) (1993). We granted his petition for writ of certiorari to address the question of

whether the trial court erred when it denied Edwards' written request for a jury charge on the lesser included offense of theft by taking. Because we conclude that the trial court should have given Edwards' requested charge, we disapprove of the holding in Division 2 of the Court of Appeals' opinion.

Edwards responded to the charge of armed robbery by claiming that he did not commit an armed robbery and that the weapons which the officers discovered on the scene had been found in the residence during the course of his and his accomplices' search for cash and other valuable items. The only evidence in support of Edwards' contention is an in-custody statement he made to a police officer that he was "guilty of the burglary but not the second charge" (armed robbery), and that he and two others had decided to break into the house to steal drugs and money and that after they broke in the guns were found inside the house.[1] Additionally, Edwards points to certain inconsistencies between the victim's testimony and that of a police officer, with regard to the location of one of the weapons found after Edwards' arrest, as circumstantial proof that the weapon had been located in the victim's house.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). One of Edwards' defenses to the charge of armed robbery was that he was not armed and had only committed the lesser offense of theft by taking.[2] Although certainly subject to attack as weak, incomplete or self-serving, Edwards' statement to the officer constitutes at least "any evidence that the defendant is guilty of the lesser included offense" which mandates giving the requested written charge, as such evidence would entitle a jury to believe his version.

Citing *Sims v. State*, 197 Ga. App. 214, 217 (398 SE2d 244) (1990), the Court of Appeals adopted the state's argument that where the evidence shows all of the elements of the greater offense, it is not necessary to charge on the lesser included offense. See *Edwards v. State*, 209 Ga. App. at 305. However, a closer examination reveals that this proposition is an incomplete statement of the holding in *Sims* as Sims *admitted* to threatening the victim with a shotgun. Thus, Sims' own evidence supported the charge of armed robbery and not the lesser offense. The trial court is only justified in refusing to charge on the lesser offense when there is no evidence of that lesser offense. *Sims* relies on the holding in *Hambrick v. State*, 174 Ga.

---

[1] Edwards did not testify at trial, but the state introduced his statement into evidence. The victim denied that there were any weapons in the house.

[2] He also argued to the jury that his actions would only have constituted robbery by intimidation. The trial court gave a charge on this defense.

App. 444, 447 (330 SE2d 383) (1985) which is consistent with this rule. In *Hambrick* the defendant admitted to using a knife to rob the victim, but contested whether a knife is an "offensive weapon" as defined by the armed robbery statute (OCGA § 16-8-41). Since the knife was an offensive weapon and Hambrick admitted to its use, the facts in *Hambrick* did not present evidence of a lesser included offense.[3]

The complete rule with regard to giving a defendant's requested charge on a lesser included offense is: where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense. See *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975) ("state's evidence clearly warranted a charge on armed robbery . . . and there was no evidence of the lesser offense of theft by taking . . ."). Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense. This case contained some evidence that Edwards did not use a weapon to take property from the victim and he was therefore entitled to a charge on the lesser included offense. However, we hold that in light of the overwhelming evidence against Edwards, it is highly probable that the failure to give this charge did not contribute to the verdict. We therefore disapprove of Division 2 of the Court of Appeals' opinion but affirm Edwards' conviction.

*Judgment affirmed. All the Justices concur, except Benham, P. J., and Hunstein, J., who concur specially.*

---

[3] Each of the other cases cited to this court by the state in support of the argument that proof of the elements of the greater offense obviates the need to charge on the lesser offense contains this added element that there was no evidence presented to show a lesser offense. See *Shepherd v. State*, 234 Ga. 75 (214 SE2d 535) (1975) (defendant denied taking part in robbery); *Grant v. State*, 161 Ga. App. 403 (288 SE2d 118) (1982) (defendant denied participation in crime); *Holmes v. State*, 170 Ga. App. 92 (316 SE2d 491) (1984) (defendant denied participation, claimed he was elsewhere) and *Belcher v. State*, 201 Ga. App. 139 (410 SE2d 344) (1991) (victim testified defendant took vehicle at gunpoint, defendant claimed victim picked him up). We note that application of the rule proposed by the state would lead to the absurd result of virtually eliminating the practice of charging juries on lesser included offenses. The state's interpretation of the law authorizes the trial court to not give a charge on a lesser included offense if the evidence shows the existence of each element of the greater offense. Since an ethical state's attorney would not prosecute a person for an offense unless there was at least some evidence to support each element of the greater offense, a defendant would presumably never be entitled to a charge on a lesser offense. In suggesting this interpretation of the rule, the state overlooks the fact that the jury may choose to disbelieve all or any part of the state's evidence or to conclude that the evidence is not sufficient to meet the state's burden of proof. In such instances, if there is evidence that the defendant committed the lesser offense, the jury would be authorized to consider the evidence and it should therefore be charged on the lesser offense.

HUNSTEIN, Justice, concurring specially.

While I agree that the majority has correctly stated the rule regarding the giving of a defendant's requested charge on a lesser included offense, I cannot agree with its conclusion that the trial court erred, albeit harmlessly, by refusing Edwards' request to charge on theft by taking as a lesser included offense of armed robbery. As noted in the majority's opinion, Edwards did not testify in his own behalf. The only evidence upon which the majority relies to support the giving of the charge is Edwards' unsworn custodial statement to the police which was paraphrased by the police officer testifying for the state. According to that testimony, Edwards admitted that he was guilty of the burglary, but denied that he was guilty of the "second charge," i.e., the armed robbery; he further admitted that he and his companions broke into the apartment intending to steal drugs and money, but claimed they discovered the guns in the apartment. Nothing in Edwards' statement, as testified to by the police officer, constituted a specific denial that he had used a gun or other weapon to rob the victim, nor was any other evidence, from which such an inference could be drawn, introduced at trial. There was, however, overwhelming eyewitness and victim testimony that Edwards held a gun on the victim and her infant son during the robbery. Edwards' paraphrased remarks which were nothing more than a spontaneous and feeble attempt to exculpate himself of the serious crime of armed robbery simply do not rise to the level of even that slightest evidence sufficient to raise the lesser offense of theft by taking. (As the majority has noted, the trial court did give Edwards' requested lesser included offense charge on robbery by intimidation.)

The rule as stated by the majority implies, I believe, that where even the slightest evidence supports the giving of the charge, that evidence must nevertheless be such that a *reasonable* inference of the commission of a lesser included offense may be drawn therefrom. However, as the majority has applied the rule in this case, it appears that any evidence may be regarded as sufficient if it could possibly generate such an inference, without regard to its reasonableness. Henceforward, a defendant who utters a general denial of the greater offense, coupled with a self-serving admission of some other lesser, but not included, offense, no matter how transparent the intent or unreliable the statement, will be entitled to a lesser included charge.

I am authorized to state that Presiding Justice Benham joins in this special concurrence.

DECIDED APRIL 25, 1994.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, Thomas M. Cerbone, David T. Lock, Assistant District Attorneys,* for appellee.