### A02A1896. MILLER v. THE STATE.
(576 SE2d 631)

PHIPPS, Judge.

Ronnie Lee Miller appeals his two convictions for robbery, claiming that the trial court erred by failing to give his requested jury charge on theft by taking. Miller argues that the charge should have been given because theft by taking is a lesser included offense of robbery and because it was his sole defense. We find no error and affirm.

Carolyn Morris testified that on the night of June 21, 2000, she

---

was walking down a street when a man grabbed her and tried to drag her behind a dumpster. Morris "tussl[ed] with" the man and bit him. During the struggle, her purse slipped off her arm, and the man ran away with it. Morris later identified Miller as her attacker.

Miller testified that Morris had agreed to engage in sexual activity with him in exchange for crack cocaine. But when Morris refused to engage in the type of activity Miller wanted, he took her purse. Miller admitted that he took the purse without Morris's permission and "struggl[ed]" with her to get it.

Miller was charged with robbery by force and robbery by intimidation. He submitted a written request for a jury charge on theft by taking, but the trial court refused to give it. Miller argues that the charge should have been given because theft by taking is a lesser included offense of the charged crimes and because it was his only defense.

1. The court must charge the jury on a lesser included offense if the defendant requests the charge in writing and there is any evidence that he committed the lesser included offense.[1] But "where the evidence shows either the completed offense, as averred, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense."[2] In that case, no error arises from failure to charge on the lesser offense.[3]

A person commits theft by taking "when he unlawfully takes . . . any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken."[4] A person commits robbery when, "with [the] intent to commit theft, he takes property of another from the person or immediate presence of another [b]y use of force [or b]y intimidation."[5] Thus, while both crimes require that the defendant take the property of another with the intent to commit theft, robbery additionally requires that the property be taken from the other's person or immediate presence through force or intimidation.[6]

Despite his characterization of it otherwise, Miller's real defense was not that he committed theft by taking instead of robbery, but that he lacked the requisite criminal intent for either crime. He acknowledged that he took Morris's purse from her person after a struggle (thus satisfying the elements of robbery that elevate it from

---

[1] *Edwards v. State*, 264 Ga. 131, 132 (442 SE2d 444) (1994).

[2] (Punctuation and footnote omitted.) *Espinoza v. State*, 243 Ga. App. 665, 667 (2) (534 SE2d 127) (2000).

[3] Id.; see also *Moses v. State*, 264 Ga. 313, 315 (2) (444 SE2d 767) (1994).

[4] OCGA § 16-8-2.

[5] OCGA § 16-8-40 (a) (1), (2).

[6] Robbery also may be accomplished by "sudden snatching," OCGA § 16-8-40 (a) (3), but that method was not charged here.

theft by taking), but he claimed that the taking was warranted because Morris failed to perform her part of their purported sex-for-drugs agreement. Thus, the evidence showed that either Miller committed robbery, or he committed no theft at all, depending upon whether the taking was justified as payment for drugs. Under these circumstances, the trial court was not required to instruct the jury on theft by taking.

2. Nor was an instruction on theft by taking required under the theory that it was Miller's sole defense. "A charge on the defendant's sole defense is mandatory only if there is some evidence to support the charge. [Cit.]"[7] As noted, there was no evidence that Miller was guilty merely of the lesser offense. Moreover, the court amply addressed Miller's true defense — lack of intent to thieve — in its instruction to the jury. The court told the jury that the State must prove criminal intent, that the jury had sole discretion whether to infer such intent, that an essential element of both robbery by force and robbery by intimidation is that "the taking must have been with the purpose to commit theft," and that a finding of guilt would not be warranted on either robbery charge if "there should be from the evidence a reasonable explanation of the [defendant's] possession of such property consistent with a plea of innocence." There was no error in the charge.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED JANUARY 16, 2003.

*Stephen R. Yekel*, for appellant.
*Spencer Lawton, Jr., District Attorney, Christine S. Barker, Assistant District Attorney*, for appellee.

---

[7] *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000).