**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 24, 2013**

# In the Court of Appeals of Georgia

A13A1479. BELLAMY v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Denise Bellamy was convicted of robbery and simple battery. She appeals, arguing that the trial court erred in refusing to give her requested charge on theft by taking as a lesser included offense to robbery. But Bellamy's co-defendant, Fakhrideen Abdul-Hakeem, admitted to facts establishing that he committed the greater offense of robbery, and Bellamy admitted to facts establishing that she was a party to that crime. Accordingly, the trial court did not err in denying her request for a charge on the lesser offense. We affirm.

The state presented evidence at trial showing that Bellamy and Abdul-Hakeem cornered victim Lawrence Miller as he sat in a parked vehicle, demanded money from him, dragged him out of the vehicle, hit him, took his wallet out of his jacket pocket,

took money out of the wallet, and fled. They left him lying on the sidewalk, distraught and injured.

Bellamy and Abdul-Hakeem testified at trial to a different picture of their encounter with Miller. But even as they described it, the encounter was robbery. Bellamy and Abdul-Hakeem testified that Miller owed them money, and they admitted that they entered the vehicle, sat on either side of Miller, and asked for the money. They both denied touching Miller in any way, except Bellamy stated that at one point she placed her hand gently on his arm. They testified that all three people got out of the vehicle during the course of the encounter. Abdul-Hakeem admitted that he then removed Miller's wallet from the pocket of the jacket that Miller was wearing. This occurred without the permission of Miller, who, according to Abdul-Hakeem, was "hollering, asking people to call the police." Abdul-Hakeem took money out of the wallet and placed the wallet on the ground. Miller grabbed Abdul-Hakeem's coat, and as Abdul-Hakeem pulled away Miller slipped and fell to the ground. Bellamy picked up the wallet and placed it on a nearby ice chest. Abdul-Hakeem and Bellamy then left with the money. They did not dispute that Miller was injured in the encounter.

Pertinently, the trial court instructed the jury on the charged offense of robbery by use of force. See OCGA § 16-8-40 (a) (1). It denied Bellamy's request for an instruction on the lesser offense of theft by taking. See OCGA § 16-8-2. Bellamy argues that this was error.

"Where a case contains some evidence, no matter how slight, to show that the defendant committed a lesser offense, then the court should charge the jury on that offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). But where the uncontradicted evidence in the record "shows completion only of the greater offense, it is unnecessary for the trial court to charge on the lesser offense." *Jenkins v. State*, 270 Ga. 607, 608 (2) (c) (512 SE2d 269) (1999) (citation omitted). See *Clark v. State*, 279 Ga. 243, 247 (7) (611 SE2d 38) (2005); *Munoz v. State*, 190 Ga. App. 806 (3) (380 SE2d 88) (1989). Accordingly, when a defendant admits or does not dispute the facts authorizing his conviction for the greater offense, Georgia courts have affirmed the trial court's refusal to charge on the lesser included offense. See *Sims v. State*, 197 Ga. App. 214, 217 (5) (398 SE2d 244) (1990) (trial court did not err in refusing to instruct jury on robbery and theft by taking as lesser offenses to charged offense of armed robbery in case where defendant admitted to having a shotgun during the incident in question); *Hambrick v. State*, 174 Ga. App. 444, 447 (2) (330 SE2d 383)

3

(1985) (trial court did not err in refusing to instruct jury on theft by taking as lesser offense to charged offenses of armed robbery and burglary in case where defendant did not dispute using a knife to rob the victim but challenged whether it was an "offensive weapon" under the armed robbery statute). See also *Edwards*, 264 Ga. at 132-133 (emphasizing importance of defendants' admissions to holdings in *Sims* and *Hambrick*).

There was uncontradicted evidence in this case that Abdul-Hakeem committed the greater offense of robbery. The state charged Abdul-Hakeem and Bellamy with robbery by use of force. A person commits that offense "where, with intent to commit theft, he takes the property of another from the person or the immediate presence of another . . . [b]y use of force." OCGA § 16-8-40 (a) (1).

> Actual force in this method [of committing robbery] implies personal violence. If there is any injury done to the person, or if there is a struggle to retain possession of the property, before it is taken, it is the force sufficient for this method of robbery. Force, in the sense in which it is used in defining the offense of robbery by this method, consistent in personal violence or in that degree of force that is necessary to remove articles so attached to the person or clothing as to create resistance, however slight.

*Franklin v. State*, 286 Ga. App. 288, 290 (1) (648 SE2d 746) (2007) (quoting *Henderson v. State*, 209 Ga. 72, 74 (1) (70 SE2d 713) (1952)). The force "must either precede or be contemporaneous with, and not subsequent to, the taking." *Gilmer v. State*, 260 Ga. App. 581, 583 (1) (580 SE2d 331) (2003) (citations and punctuation omitted).

Here, Abdul-Hakeem admitted to taking Miller's wallet off of his person and removing the money therefrom without Miller's permission. His belief that he had a right to this money to satisfy a debt owed by Miller does not provide a defense to the elements of robbery. See *Moyers v. State*, 186 Ga. 446, 455-456 (1) (197 SE 846) (1938). Abdul-Hakeem's testimony also demonstrated that Miller resisted the taking of his money, calling out for help and grabbing Abdul-Hakeem's arm. And it was undisputed that Miller was injured during the altercation. Miller's struggle to keep his money and his resulting injuries were contemporaneous with the taking, occurring as Abdul-Hakeem and Bellamy attempted to leave the scene with the money, and thereby established the necessary "force." See *Henderson*, 209 Ga. at 72 (1); *McCoon v. State*, 294 Ga. App. 490, 492 (1) (a) (669 SE2d 466) (2008) (where homeowner "stumbled upon" appellant and his co-defendants while they were in the process of

5

stealing items from house, and appellant and co-defendants shot at homeowner and then fled, force required for armed robbery was contemporaneous with taking).

Bellamy did not dispute any of Abdul-Hakeem's admissions. And her own admissions demonstrated that she was concerned in the commission of the robbery that Abdul-Hakeem committed against Miller, making her a party to that crime. See OCGA § 16-2-20. Because these admissions, along with the undisputed evidence in the case, showed the completion of the greater offense of robbery, the trial court did not err in refusing to charge the jury on the lesser offense of theft by taking. See *Jenkins*, 270 Ga. at 608 (2) (c). See also *Miller v. State*, 259 Ga. App. 244, 246 (2) (576 SE2d 631) (2003) (noting that "there was no evidence that [defendant] was guilty *merely* of the lesser offense" in determining that court did not err in refusing to charge on lesser offense) (emphasis supplied).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*