**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**January 14, 2016**

# In the Court of Appeals of Georgia

A15A1828. HOUSTON v. THE STATE.                          BO-070C

BOGGS, Judge.

A jury found Anthony Houston guilty of armed robbery.[1] Following the denial of his motion for new trial, Houston appeals, asserting as error the trial court's ruling on an objection and also asserting that he received ineffective assistance of counsel. For the following reasons, we affirm.

Construed in favor of the verdict, the evidence showed that the victim stopped to offer a ride to her friend Kristlin Simmons and Simmons' boyfriend, Houston, whom the victim did not know. Simmons and Houston were walking down the street around midnight. Houston told the victim that they did not need a ride, but Simmons decided to accept the victim's offer and got into the front passenger's seat. After

---

[1] The jury acquitted Houston on a charge of kidnapping.

Simmons entered the car, Houston pulled her out and repeatedly told her "b****, you're not going nowhere." Houston took Simmons' belongings and "threw them out into the street." When Simmons objected to his actions, Houston slapped her. The victim became "nervous and scared" because Houston was "throwing . . . things and cussing and fussing." After arguing with Simmons for a moment, Houston jumped into the passenger side of the victim's car, pulled out a gun, ordered the victim out of the car, and then "put [the gun] to [the victim's] face and he was, like, give me everything you've got." The victim told Houston that she did not have anything and begged him to allow her to remove her baby from the back seat: "My purse was in the car. My baby was in the car. I said, I don't have anything. Everything I got is in the car. I said, you just let me get my baby, you know, you can just leave." After allowing the victim to get her baby, Houston drove away in the victim's car. The victim's and Simmons' testimony that Houston pulled out a gun was uncontradicted.

1. Houston argues that the trial court erred in overruling his objection to the State's question to the victim regarding her identification of him as the armed robber. The prosecutor asked the victim about her identification of Houston from a photographic lineup: "How certain were you at the time . . . . How certain were you that this is the young man that robbed you that night?" The victim responded, "Very

2

certain." Houston's counsel objected, but the trial court allowed the question and answer.

Houston acknowledges that the trial court did not instruct the jury regarding the victim's level of certainty in violation of *Brodes v. State*, 279 Ga. 435, 442-443 (614 SE2d 766) (2005). He argues, however, that a violation nevertheless occurred because of the victim's testimony regarding her level of certainty coupled with the trial court's instruction to the jury that the evidence includes all of the testimony of the witness and that "identity is a question of fact for you to determine." We have found no authority concluding that this combination constitutes a violation of *Brodes*, supra, and we decline to hold so here.

We have held that

> In *Brodes*, our Supreme Court held that it could no longer endorse an instruction authorizing jurors to consider the witness's certainty in his/her identification as a factor to be used in deciding the reliability of that identification, and advised trial courts to refrain from giving the "level of certainty" instruction to jurors. The *Brodes* decision does not, however, prohibit an identification witness from testifying about his or her level of certainty, or restrict the state from inquiring about the same. As we noted in *Best v. State*, [279 Ga. App. 309 (630 SE2d 900) (2006),] a defendant can challenge such testimony through

cross-examination, expert testimony, or the presentation of testimony

from other eyewitnesses.

(Citations, punctuation and footnotes omitted.) *Clark v. State*, 285 Ga. App. 182, 185 (4) (645 SE2d 671) (2007); see also *Smith v. State*, 303 Ga. App. 831, 835-836 (5) (695 SE2d 86) (2010) (trial counsel's performance not deficient for failure to pursue futile objection to witness' testimony that he was 100 percent certain that defendant was person he saw in parking lot of bank following armed robbery). Moreover, the record reveals that the trial court properly instructed the jury regarding the factors to consider in assessing the reliability of a witness' identification. The court's instructions were nearly identical to the suggested pattern jury instructions. See Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, Criminal Cases § 1.35.10. (Identification; Reliability). See, e.g., *Gamble v. State*, 291 Ga. 581, 582-583 (2) (731 SE2d 758) (2012) (court correctly instructed jury on facts it may consider in assessing reliability of witness identification).[2]

---

[2] Houston enumerates no error with regard to the trial court's instructions to the jury.

We therefore hold that the trial court did not err in overruling Houston's objection to the State's questioning of the victim regarding the level of certainty of her identification.

2. Houston contends that his trial counsel was ineffective in failing to request a jury instruction on the lesser included charges of robbery and theft by taking. He asserts that because his sole defense was that only a theft by taking occurred, it was error not to instruct the jury on the lesser charges.

To establish ineffectiveness under the standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984),

> an appellant must show that (1) counsel's performance was deficient and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency. We need not address both prongs of this test if the showing on one prong is insufficient, nor must we address them in any particular order.

(Citations, punctuation and footnotes omitted.) *Jackson v. State*, 248 Ga. App. 7, 10-11 (4) (545 SE2d 148) (2001). "We accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the

5

legal principles to the facts." (Citation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

"The court must charge the jury on a lesser included offense if . . . there is any evidence that he committed the lesser included offense. But where the evidence shows either the completed offense, as averred, or no offense, such evidence will not support a verdict for one of the lesser grades of the offense ." (Citations, punctuation and footnotes omitted.) *Miller v.* State, 259 Ga. App. 244, 246 (1) (576 SE2d 631) (2003). Moreover, "[a] charge on the defendant's sole defense is mandatory only if there is some evidence to support the charge." (Citation, punctuation and footnote omitted.) Id. at 246 (2).

Here, the uncontradicted evidence showed that Houston forced the victim from her car at gunpoint and then drove away in the car. There was no evidence to contradict his use of a gun. Because the evidence showed either that Houston committed an armed robbery or no crime at all, he was not entitled to a jury instruction on the lesser offenses. See *Jackson*, supra, 248 Ga. App. at 9 (2); *Jones v. State*, 233 Ga. App. 362, 364 (504 SE2d 259) (1998) ("Where the uncontradicted evidence shows completion of the offense of armed robbery, and no evidence is presented to the effect that a weapon was not used in the robbery, the defendant is not

entitled to a jury charge on the lesser included offenses of theft by taking or robbery by intimidation. [Cit.]")

Trial counsel therefore did not perform deficiently in failing to request jury instructions on the lesser offenses. As Houston has failed to satisfy the first prong of the *Strickland* standard, his ineffective assistance claim fails.

*Judgment affirmed. Doyle, C. J. and Phipps, P. J., concur.*